# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAHIDULLAH QUDRETULLAH NOOR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>L. PIGNIOLO, et al.,<br><br>　　　　Defendants. | No. 2:19-CV-0180-KJM-DMC-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's first amended complaint (ECF No. 11).

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///

///

1

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff names three Defendants: L. Pigniolo, D. Adams, and an unidentified lieutenant, a.k.a the "tattooed" lieutenant. Plaintiff alleges Defendant Pigniolo violated his First Amendment rights and rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) by making unspecified racist and Islamophobic comments and statements directed at Plaintiff. Plaintiff alleges these comments continued for several months, were intended to discourage him from engaging in necessary prayer, created a hostile and Islamophobic climate, and caused him to miss work and prayer.

///

2

It is unclear exactly what right(s) Plaintiff alleged\s Defendant Adams violated. Plaintiff alleges Adams conducted his interview related to his 602 grievance in a "hostile manner intending to intimidate and discourage [Plaintiff's] efforts toward remedy." ECF 11 at 4. Plaintiff further alleges it seemed as is Adams was "condoning Mr. Pigniolo's acts in disparaging [Plaintiff's] religion." Id.

It is unclear what right(s) Plaintiff alleges the unknown "tattooed" lieutenant violated. Plaintiff claims the unknown lieutenant said, "nobody should have to deal with such behavior." Id. at 5. Plaintiff then alleges he was moved to another facility based on his annual program review, rather than because his health and safety were being jeopardized by his supervisor. Plaintiff asserts this is typical "CDCR non-response" akin to "sweeping the problem under the rug." Id.

### III. ANALYSIS

Plaintiff states sufficient facts to allege a First Amendment claim against Defendant L. Pigniolo. Based on the facts alleged it could be found that L. Pigniolo substantially burdened Plaintiff's ability to practice his religion through the racist and Islamophobic comments and the culture of hostility they created. Plaintiff has charged that Defendant Pigniolo not only made racist and Islamophobic remarks, but encouraged other inmates to do the same, fostering what Plaintiff contends was already an Islamophobic climate. Plaintiff further contends that these conditions persisted over a several-month duration, during which time he missed prayer services as a result of the comments. These factual allegations satisfy the threshold showing necessary to survive screening here.

For the reasons discussed below, however, the court finds Plaintiff does not presently state a cognizable claim against the remaining defendants.

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir.

1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because a plaintiff must allege, with at least some degree of particularity, overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Here, Plaintiff fails to meet the pleading standard as to Defendants Adams and the unknown lieutenant. Though Plaintiff does plead facts related to each of these Defendants it is wholly unclear what alleged constitutional violation occurred. Plaintiff fails to connect any of the alleged conduct with any violation of a constitutional right. Without a link between the factual allegations and an actual constitutional deprivation, Plaintiff's claims cannot proceed. For that reason, Plaintiff's claims against Defendants Adams and unknown "tattooed" lieutenant cannot proceed.

### IV. AMENDING THE COMPLAINT

Because it may be possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id. This means, in

practical terms, if Plaintiff files an amended complaint he must not only cure the deficiencies identified in this order, but also reallege the cognizable claim(s) discussed in this Court's order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state a cognizable claim against L. Pigniolo, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to L. Pigniolo.

## V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated: August 16, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5