IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAHIDULLAH QUDRETULLAH NOOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. PIGNIOLO, et al.,<br><br>　　　　　Defendants. | No. 2:19-CV-0180-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (ECF No. 11).

On August 16, 2019, the court issued an order addressing the sufficiency of plaintiff's first amended complaint. See ECF No. 13. In the screening order, the court summarized plaintiff's allegations and claims as follows:

> Plaintiff names three Defendants: L. Pigniolo, D. Adams, and an unidentified lieutenant, a.k.a the "tattooed" lieutenant. Plaintiff alleges Defendant Pigniolo violated his First Amendment rights and rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) by making unspecified racist and Islamophobic comments and statements directed at Plaintiff. Plaintiff alleges these comments continued for several months, were intended to discourage him from engaging in necessary prayer, created a hostile and Islamophobic climate, and caused him to miss work and prayer.

///

1

> It is unclear exactly what right(s) Plaintiff alleges Defendant Adams violated. Plaintiff alleges Adams conducted his interview related to his 602 grievance in a "hostile manner intending to intimidate and discourage [Plaintiff's] efforts toward remedy." ECF 11 at 4. Plaintiff further alleges it seemed as is Adams was "condoning Mr. Pigniolo's acts in disparaging [Plaintiff's] religion." Id.
>
> It is unclear what right(s) Plaintiff alleges the unknown "tattooed" lieutenant violated. Plaintiff claims the unknown lieutenant said, "nobody should have to deal with such behavior." Id. at 5. Plaintiff then alleges he was moved to another facility based on his annual program review, rather than because his health and safety were being jeopardized by his supervisor. Plaintiff asserts this is typical "CDCR non-response" akin to "sweeping the problem under the rug." Id.

ECF No. 13, pgs. 2-3.

The court concluded plaintiff states a cognizable First Amendment claim against defendant L. Pigniolo based on allegations he interfered with plaintiff's ability to practice his religion. See id. at 3. The court otherwise concluded plaintiff fails to state a claim against defendant D. Adams and an unnamed lieutenant. See id. at 3-4. As to defendant D. Adams and the unnamed lieutenant, the court stated:

> The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because a plaintiff must allege, with at least some degree of particularity, overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).
>
> Here, Plaintiff fails to meet the pleading standard as to Defendants Adams and the unknown lieutenant. Though Plaintiff does plead facts related to each of these Defendants it is wholly unclear what alleged constitutional violation occurred. Plaintiff fails to connect any of the alleged conduct with any violation of a constitutional right. Without a link between the factual allegations and an actual constitutional deprivation, Plaintiff's claims cannot proceed. For that reason, Plaintiff's claims against Defendants Adams and unknown "tattooed" lieutenant cannot proceed.

Id. at 3-4.

///

Plaintiff was granted an opportunity to file a second amended complaint within 30 days to address the defects identified in the court's order.  See ECF No. 13, pgs. 4-5.  To date, plaintiff has not filed a second amended complaint.[1]

Based on the foregoing, the undersigned recommends that:

1. Defendant D. Adams be dismissed; and

2. The action proceed on plaintiff's first amended complaint as against defendant L. Pigniolo on plaintiff's First Amendment claim only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 3, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1] By separate order, the court has directed plaintiff to submit documents necessary for service of the first amended complaint on defendant L. Pigniolo.